UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIBERTARIAN PARTY OF OHIO,
et al.,

        Plaintiffs,                      Case No. 2:04-cv-08
                                                    JUDGE GREGORY L. FROST
       v.                                 Magistrate Judge Terence P. Kemp

JENNIFER L. BRUNNER,
in her official capacity as Ohio
Secretary of State,

        Defendant.

## ORDER

This matter is before the Court for consideration of Plaintiffs' motion for attorney fees (Doc. # 40), Defendant's memorandum in opposition (Doc. # 43), Plaintiff's reply memorandum (Doc. # 44), and Plaintiffs' Supplemental Declaration of Donald McTigue (Doc. # 51). For the reasons that follow, the Court **GRANTS** the motion, but reduces the amounts awarded.

The parties do not dispute that 42 U.S.C. § 1988 permits an award of reasonable attorney fees and costs to a prevailing party. A reasonable fee is one that attracts competent counsel while avoiding a windfall to counsel. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). In determining what is reasonable, the general approach is to "first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. That amount can then be adjusted" based on a twelve-factor test for assisting in the determination of the reasonableness of an application for attorney's fees.[1] *Id.* at 471-72 n.3 (adopting factors set forth

---

[1] Although the relied-upon *Johnson* case has been abrogated, its twelve-factor test remains good law. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of

in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)). *Cf. Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) ("Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an appropriate attorney's fee award . . . ."); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) ("Attorney's fees must be set in amount that is 'reasonable,' . . . and in recent times the starting point has been a 'lodestar' calculation–the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate."). These factors include:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 472. There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Not all of the monies sought here constitute traditional attorneys' fees (*i.e.*, fees paid directly to counsel for legal services).[2] Rather, Plaintiffs seek various expenses incurred by counsel. Also of assistance to the Court's inquiry, then, is that litigation expenses falling outside an award of attorney's fees").

---

[2] The Sixth Circuit has noted that "the law generally recognizes a difference between the terms 'costs' and 'attorney fees.' " *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (discussing award of "costs" under Fed. R. Civ. P. 41(d)). Federal Rule of Civil Procedure 54(d), for example, separates costs from attorneys' fees and other non-taxable expenses.

the purview of attorneys' fees fall within federal rules governing what litigation costs are and are not recoverable. *Cf. American Trim, L.L.C. v. Oracle Corp.*, 230 F. Supp. 2d 803 (N.D. Ohio 2002) (diversity case in which court applied federal costs statute). The Sixth Circuit has explained that "costs incurred by a party to be paid to a third party, not the attorney for the case, . . . cannot reasonably be considered to be attorney's fees. These include, among others, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps." *Sigley v. Kuhn*, 205 F.3d 1341, 2000 WL 145187, at *9 (6th Cir. 2000) (unpublished table decision). Such costs are often recoverable in federal litigation, however, pursuant to 28 U.S.C. § 1920. *Id*. To decline to consider these type of costs here would be unjust.

Section 1920 enumerates the types of costs that can be assessed against the losing party. *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431, 1998 WL 136560, at *1 (6th Cir. 1998) (unpublished table decision). In *Crawford Fitting Company v. J.T. Gibbons, Inc*., 482 U.S. 437 (1987), the Supreme Court held that § 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440. Section 1920 defines the term "costs" as used in Fed. R. Civ. P. 54(d).[3] *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

---

[3] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party." The rule's plain language creates a presumption that fees will be awarded, but "allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986).

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Other costs also fall under the scope of expenses that can be awarded, including § 1988's allowance of expert witness fees under notably specific circumstances. *See L&W Supply Co. v. Acuity*, 475 F.3d 737, 740 (6th Cir. 2007); 42 U.S.C. § 1988(c).

Guided by the foregoing analytic framework, the Court has first calculated the lodestar amount. Although the United States Supreme Court has recognized that oftentimes the traditional twelve factors "are usually subsumed with the initial calculation of hours reasonably expended at a reasonable hourly rate," the Court has then addressed the relevant factors after the lodestar analysis. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Finally, after determining what components of the expenses sought, if any, constitute attorneys' fees, the Court has determined whether any remaining expenses not recoverable as attorneys' fees constitute recoverable costs.

In conducting this analysis, the Court has remained mindful of the fact that the Sixth Circuit has recognized that one issue that often arises regarding the reasonableness of hours billed is "whether the lawyer . . . unnecessarily duplicat[ed] the work of co-counsel." *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). The appellate court has held that a district court has the discretion to make a simple across-the-board reduction, by a certain percentage, in order to account for duplicative hours. *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th

Cir. 1997) (applying across-the-board reduction of 25%), *overruled on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).

The Court has considered the amount involved and the results obtained. Indeed, according to *Hensley*, the single most important factor regarding the reasonableness of fees is the result that is obtained. 461 U.S. at 434-36. Under *Hensley*, if counsel obtained excellent results, the Court should award the full fee request. *Id.* at 435. In contrast, partial victory cases occur "where plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief." *Id*. at 439. In partial victory situations, the Court may reduce the fee award. *Id*. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* Stated simply, a party who partially prevails is entitled to an award of attorneys' fees commensurate to that party's success. *Krichinsky v. Knox County Sch.*, 963 F.2d 847, 850 (6th Cir. 1992).

Plaintiffs have the burden of "documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore*, 355 F.3d at 566. In discussing the amount of detail necessary in documentation submitted to a court, the Sixth Circuit has held that "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc*., 732 F.2d 495, 502 n.2. (6th Cir. 1984). The Court may reduce the award when the submitted documentation is inadequate. *Reed*, 179 F.3d at 472.

The Court has reviewed the billing entries provided to discern whether they contain

5

sufficient detail, when read in context, to enable the Court to determine that the time was reasonably spent in pursuit of necessary and relevant interests. In conducting such a review, the Court has been mindful that although many of the entries do not state in much detail the substance of many entries, such detail would likely–as in most cases–be protected by the work product doctrine or the attorney-client privilege. Thus, the Court has endeavored to balance careful scrutiny of the billing statements with Plaintiffs' right to avoid disclosure of matters that are not the Court's business. In reviewing the submitted billing statements, the Court is neither in the business of nor interested in second-guessing or micro-managing any firm's business practices.

Sufficient detail matters, however. In *Black v. Lojac Enterprises, Inc*., 117 F.3d 1420, 1997 WL 377051 (6th Cir. 1997) (unpublished table decision), the Sixth Circuit addressed a case in which the trial court had subtracted time from a plaintiff's request because the submitted time entries were vague. *Id.* at *2. The appellate court affirmed the district court's decision, stating that "many of the time entries failed to even identify the general subject matter involved, documented with such vague descriptions as 'research,' 'pick-up,' 'revised form,' and 'office conference.' . . . Thus, such entries clearly provide little guidance in ascertaining the purpose of the work during the time claimed and do not merit an award." *Id.* at *3.

In light of the preceding guidelines and upon consideration of the written memoranda, submitted without oral argument or testimony by agreement of the parties, the Court in its discretion **GRANTS** the motion for attorney fees in the following adjusted amounts:

(1) Counsel Gary Sinawski is awarded fees in the amount of $43,530 and expenses in the amount of $532. This reflects an appropriate reduction of the hourly rate billed from $450 per

hour to $300 per hour, with 145.10 hours billed.  The costs, or expenses, are awarded in part for a total of $532.  The designated expert witness fee of $2,000 for Richard Winder is not awarded in light of the total absence of support for the amount and no separation of the fee for time and services versus the ordinary witness costs for attendance fees, travel expenses, and as a subsistence allowance under 28 U.S.C. § 1821.  *See L&W Supply Corp.*, 475 F.3d at 740-41.

(2) Counsel Donald McTigue is awarded fees in the amount of $15,810 and expenses in the amount of $755.78.  This reflects an appropriate reduction of the hourly rate billed from $450 per hour to $300 per hour, with 52.70 hours billed.  The costs, or expenses, are awarded in full.  As a result of the lack of clarity in the time records and for want of supporting expert testimony such as a second declaration by H. Ritchey Hollenbaugh, the Court declines to award the billed 3.50 hours at $250 per hour credited to "MAM," which the Court can only guess is counsel Mark Alan McGinnis.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　  /s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　　GREGORY L. FROST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE